UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA MORGAN,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant.<br>_____/ | CASE NO. 1:12-cv-00470-SMS<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Docs. 7 and 8) |

**Screening Order**

On April 10, 2012, this Court dismissed Plaintiff's complaint for failure to state a claim with leave to amend within thirty days. On May 7, 2012, Plaintiff, proceeding *in forma pauperis*, by her attorneys, Milam Law, filed an amended complaint.[1]  Doc. 7.   Because Plaintiff's amended complaint fails to allege facts sufficient to state a claim upon which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii) requires this Court to dismiss it.

**I.    Screening Requirement**

The statutory privilege of proceeding *in forma pauperis* is a privilege, not a right. *Williams v. Field*, 394 F.2d 329, 332 (9th Cir.), *cert. denied*, 393 U.S. 891 (1968); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.), *cert. denied,* (1965).  "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785

---

[1] On May 8, 2012, *after* filing the amended complaint, Plaintiff's counsel filed a motion for clarification of the prior dismissal order.  Doc. 8.  Because this order addresses in detail the components of a cognizable complaint, ths Court need not separately address Plaintiff's motion for clarification.

1

(11th Cir. 1984). Accordingly, the statute requires the Court to screen any case in which a plaintiff proceeds *in forma pauperis*, as provided in 28 U.S.C. § 1915. Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits. *See, e.g.*, 42 U.S.C. § 405(g) (establishing conditions under which a claimant of social security benefits may seek judicial review of the Commissioner's determination). A court must dismiss any case, regardless of the fee paid, if the action or appeal is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B).

## II. Cognizable Claim

In determining whether a complaint fails to state a cognizable claim, a court applies substantially the same standard applied in motions to dismiss pursuant to F.R.Civ.P. 12(b)(6).[2] *Gutierrez v. Astrue*, 2011 WL 1087261 at *1 (E.D.Cal. March 23, 2011) (No. 1:11-cv-00454-GSA). "The focus of any Rule 12(b)(6) dismissal . . . . is the complaint." *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). A court must dismiss a complaint, or portion of a complaint, for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim(s) that would entitled the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When a court reviews a complaint under this standard, it must accept as true the complaint's allegations (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pleadings in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

### A. Short and Plain Statement

The sufficiency of a complaint is first determined by referring to F.R.Civ.P. 8(a) which requires that a civil complaint contain:

///

---

[2] When the plaintiff does not proceed *in forma pauperis*, the screening function is entrusted to the defendant(s), who may challenge the sufficiency of a complaint through a Rule 12(b)(6) motion.

(1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)  a short and plain statement of the claim showing the pleader is entitled to relief; and

(3)  a demand for the relief sought which may include relief in the alternative or different types of relief.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  A complaint appealing the Commissioner's decision denying social security disability benefits is not exempt from the general rules of civil pleading.  "While [42 U.S.C.] § 405(g) does not require that a complaint spell out the basis upon which relief might be granted, Rule 8(a) requires a civil plaintiff to assert the basis upon which he grounds his claim." *Brown v. Astrue*, 2011 WL 3664429 at *2 (D.N.H. August 19, 2011) (No. 11-cv-056-JL).  The complaint must "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

**B.     Principles of Pleading**

    **1.     Factual Allegations and Legal Conclusions**

Determining a complaint's sufficiency invokes two underlying principles of pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  First, the Court must accept as true the well-pleaded factual allegations of the complaint. *Twombly*, 550 U.S. at 555.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56

(*internal quotation marks and citations omitted*).  A complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong.  *Brown*, 2011 WL 3664429 at *3.  *See also Demetriades v. Astrue*, 2011 WL 4079054 (W.D.Va. September 13, 2011) (No. 7:11-cv-00407) (dismissing case without prejudice for failure to state a plausible claim for relief as a result of insufficient factual allegations); *Ormsby v. Astrue*, 2011 WL 3625101 at * 2, *adopted by* 2011 WL 3625095 (M.D. Fla. August 4, 2011) (No. 6:11-cv-1262-ORL-22) (dismissing cursory complaint which alleged insufficient facts to state a cognizable claim).

The amended complaint indicates confusion regarding facts and legal conclusions.  In general legal usage, a *fact* is defined as:

> **1.**  Something that actually exists; an aspect of reality <it is a fact that all people are mortal>.  • Facts include not just tangible things, actual occurrences, and relationships, but also states of mind such as intentions and opinions.  **2.**  An actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation <the jury made a finding of fact>.

*Black's Law Dictionary* at 628 (8th ed. 1999).

In common use, a fact may be defined as "the quality of being actual," "something that has actual existence," "an actual occurrence," and "a piece of information presented as having objective reality."  *Merriam-Webster's Collegiate Dictionary* at 416 (10th ed. 1996).

While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A legal conclusion is a statement such as, " Plaintiff is entitled to a period of disability and Social Security insurance benefits, and is eligible for SSI disability benefits."  Facts include such allegations as "Plaintiff has severe bilateral carpal tunnel syndrome, peripheral neuropathy, and fibromyalgia"; "Plaintiff worked as auto mechanic until June 1, 1990"; "Plaintiff was fired from her job when she became unable to grasp her tools."

///

### 2. Plausible Claim for Relief

The second underlying principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.  To permit the Court to determine that a complaint states a plausible claim for relief, based on the reviewing court's judicial experience and common sense, the well-pleaded facts must permit the court "to infer more than a mere possibility . . . . 'that the pleader is entitled to relief.'" *Id.*, *quoting* F.R.Civ.P. 8(a)(2).  The Supreme Court explained:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

*See also Cook v. Astrue*, 2012 WL 812380 at *2 (E.D.Cal. March 9, 2012) (No. 1:12-cv-00347-GSA) (construing that the facts alleged in the complaint related to two legal conclusions); *Sanchez v. Astrue*, 2011 WL 1549307 (E.D. Cal. April 21, 2011) (No. 1:11-cv-00607-GSA).

### C. Specific Matters to Be Plead in Social Security Appeals

Federal courts have identified several specific problem areas in complaints appealing the Commissioner's denial of social security benefits.  For example, a court must dismiss a complaint if it lacks subject matter jurisdiction.  F.R.Civ.P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  "Because federal courts are courts of limited jurisdiction, they are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears.'"  *Pierre v. Commissioner of Social Security*, 2012 WL 1066811 at *2, *adopted by* 2012 WL 1060154  (S.D. Fla. March 16, 2012) (No. 11-62408-CIV), *quoting General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981), *cert. denied*, 455 U.S. 948 (1982).  The plaintiff bears the burden of proving subject matter jurisdiction.  *Friends of Panamint Valley v. Kempthorne*, 499 F.Supp.2d 1165, 1171 (E.D.Cal. 2007).  Accordingly, a plaintiff appealing the Commissioner's denial of social security benefits must plead facts establishing subject matter jurisdiction.  *Pierre*, 2012 WL 1066811 at *2.  *See also Ormsby*, 2011 WL 3625101 at * 2.

1     Similarly, because the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a
2 waiver of sovereign immunity, courts must strictly construe the applicable time limit. *Bowen v.*
3 *City of New York*, 476 U.S. 467, 479 (1986). *See also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th
4 Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one
5 day). Accordingly, a complaint appealing the Commissioner's denial of an application for social
6 security benefits must allege the dates of the plaintiff's application(s) and the related denial(s).
7 *Cook*, 2012 WL 812380 at *3; *Sanchez*, 2011 WL 1549307 at *2-3; *Gutierrez*, 2011 WL
8 1087261 at *3. The plaintiff must also allege that he or she filed a complaint to the Appeals
9 Council, setting forth the application date, the decision date, and the outcome. *Id. See also*
10 *Pierre*, 2012 WL 1066811 at * 3 (requiring a plaintiff to allege facts supporting the conclusion
11 that Commissioner rendered a final decision in the application below); *Ormsby*, 2011 WL
12 3625101 at * 2.

13     **D.     Complete Within Itself**

14     Finally, instead of alleging facts regarding Plaintiff's residence within the judicial district,
15 the amended complaint simply refers to the civil cover sheet. Such reference is not a legitimate
16 pleading. A complaint must be complete within itself since, under F.R.Civ.P. 12(b)(6), review is
17 generally confined to the contents ("four corners") of the complaint. *Sprewell*, 266 F.3d at 988;
18 *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "A civil cover sheet 'is merely an
19 administrative aid to the court clerk, and is not typically considered part of a litigant's pleading
20 papers.'" *Shaver v. Astrue*, 783 F.Supp.2d 1072, 1078 (N.D. Iowa 2011), *quoting Favors v.*
21 *Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989). *See also* F.R.Civ.P. 7 (defining pleadings to include
22 the complaint, but not the civil cover sheet).

23 **III.    Conclusion and Order**

24     In rejecting Brown's complaint appealing the Commissioner's denying him benefits, the
25 Court observed, ""The complaint's sole assertion of a basis for relief is that Brown feels the SSA
26 decision was wrong." *Brown*, 2011 WL 3664429 at *2. Every plaintiff appealing an adverse
27 decision of the Commissioner believes that the Commissioner was wrong. The purpose of the
28 ///

1 complaint is to briefly and plainly allege facts supporting the legal conclusion that the
2 Commissioner's decision was wrong. *Id.* at *3. Plaintiff's second amended complaint should do
3 so.
4       Because the amended complaint fails to allege facts sufficient to state a claim upon which
5 relief can be granted, this Court will dismiss it. The Court will provide Plaintiff with **one**
6 additional opportunity to file an amended complaint curing the deficiencies identified by the
7 Court in this order. Plaintiff must revise her amended complaint to allege facts sufficient to
8 support a cognizable claim. Plaintiff may not change the nature of this suit by adding new,
9 unrelated claims in the second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.
10 2007).
11      Plaintiff's second amended complaint should be brief, but must allege sufficient facts to
12 establish her cause of action. Fed. R. Civ. P. 8(a). Plaintiff should focus on setting forth, as
13 briefly but specifically as possible, the facts necessary to state a claim on which relief may be
14 granted. Plaintiff must avoid surplusage, as well as advocacy and argumentation more
15 appropriate in her opening brief, which is to be submitted later.
16      Plaintiff is advised that each amended complaint supercedes all prior complaints, *Forsyth
17 v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*,
18 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior
19 or superceded pleading." Local Rule 15-220. "All causes of action alleged in an original
20 complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567;
21 *accord Forsyth*, 114 F.3d at 1474.
22      Based on the foregoing, it is HEREBY ORDERED that:
23   1.   Plaintiff's amended complaint is dismissed with leave to amend for failure to state
24        facts sufficient to state a claim on which relief may be granted;
25   2.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
26        second amended complaint curing the deficiencies identified by the Court in this
27        order;
28 ///

3. If Plaintiff files a second amended complaint that fails to state a claim on which relief may be granted, this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim; and

4. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 15, 2012**                         /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE