1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

8  CARLA MORGAN,                                  CASE NO. 1:12-cv-00470-SMS

9                      Plaintiff,
                                                 ORDER DISMISSING SECOND AMENDED
10        v.                                     COMPLAINT FOR FAILURE TO STATE A
                                                 CLAIM, WITH LEAVE TO AMEND WITHIN
11  MICHAEL J. ASTRUE,                           THIRTY DAYS
    Commissioner of Social Security,

12
                       Defendant.                (Doc. 10)
13  _____/

14

15                                **Screening Order**

16        On June 14, 2012, Plaintiff, proceeding *in forma pauperis*, by her Attorneys, Milam Law,

17  filed an amended complaint.  Because Plaintiff's second amended complaint continues to allege

18  legal conclusions, rather than facts sufficient to state a claim upon which relief can be granted, 28

19  U.S.C. § 1915(e)(2)(B)(ii) requires this Court again to dismiss it.

20  **I.      Screening Requirement**

21        The Court must screen any case in which a plaintiff proceeds *in forma pauperis*.  28

22  U.S.C. § 1915.  Screening is required even if a plaintiff pursues an appeal of right, such as an

23  appeal of the Commissioner's denial of social security disability benefits.  *See, e.g.*, 42 U.S.C. §

24  405(g) (establishing conditions under which a claimant of social security benefits may seek

25  judicial review of the Commissioner's determination).  A court must dismiss any case, regardless

26  of the fee paid, if the action or appeal is (1) frivolous or malicious; (2) fails to state a claim on

27  which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from

28  such relief.  28 U.S.C. § 1915 (e)(2)(B).

1

1    **II.    Cognizable Claim**

2        In determining whether a complaint fails to state a cognizable claim, a court applies

3    substantially the same standard applied in motions to dismiss pursuant to F.R.Civ.P. 12(b)(6).

4    *Gutierrez v. Astrue*, 2011 WL 1087261 at *1 (E.D.Cal. March 23, 2011) (No. 1:11-cv-00454-

5    GSA).   "The focus of any Rule 12(b)(6) dismissal . . . . is the complaint." *Schneider v.*

6    *California Department of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).  A court must

7    dismiss a complaint, or portion of a complaint, for failure to state a claim upon which relief can

8    be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

9    or her claim(s) that would entitled the plaintiff to relief.  *Hishon v. King & Spalding*, 467 U.S.

10   69, 73 (1984).  When a court reviews a complaint under this standard, it must accept as true the

11   complaint's allegations (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740

12   (1976)), construe the pleadings in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213

13   F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the plaintiff's favor (*Jenkins v.*

14   *McKeithen*, 395 U.S. 411, 421 (1969)).

15       **A.    Short and Plain Statement**

16       The sufficiency of a complaint is first determined by referring to F.R.Civ.P. 8(a) which

17   requires that a civil complaint contain:

18       (1)    a short and plain statement of the grounds for the court's jurisdiction,
                unless the court already has jurisdiction and the claim needs no new
19              jurisdictional support;

20       (2)    a short and plain statement of the claim showing the pleader is entitled to
                relief; and
21
         (3)    a demand for the relief sought which may include relief in the alternative
22              or different types of relief.

23       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

24   exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  A complaint appealing

25   the Commissioner's decision denying social security disability benefits is not exempt from the

26   general rules of civil pleading.  "While [42 U.S.C.] § 405(g) does not require that a complaint

27   spell out the basis upon which relief might be granted, Rule 8(a) requires a civil plaintiff to assert

28   the basis upon which he grounds his claim." *Brown v. Astrue*, 2011 WL 3664429 at *2 (D.N.H.

                                              2

1   August 19, 2011) (No. 11-cv-056-JL).  The complaint must "must simply give the defendant fair

2   notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534

3   U.S. at 512.

4           **B.**        **Principles of Pleading**

5               **1.**        **Factual Allegations and Legal Conclusions**

6         Determining a complaint's sufficiency invokes two underlying principles of pleading.

7   *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

8   555 (2007).   First, the Court must accept as true the well-pleaded factual allegations of the

9   complaint.  *Twombly*, 550 U.S. at 555.  Detailed factual allegations are not required, but

10   "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory

11   statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "Plaintiff must set forth sufficient factual

12   matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949,

13   *quoting Twombly*, 550 U.S. at 555.

14         Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to

15   relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff

16   must set forth "the grounds of his entitlement to relief," which "requires more than labels and

17   conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56

18   (*internal quotation marks and citations omitted*).  A complaint appealing the Commissioner's

19   denial of disability benefits must set forth a brief statement of facts setting forth the reasons why

20   the Commissioner's decision was wrong.  *Brown*, 2011 WL 3664429 at *3.  *See also*

21   *Demetriades v. Astrue*, 2011 WL 4079054 (W.D.Va. September 13, 2011) (No. 7:11-cv-00407)

22   (dismissing case without prejudice for failure to state a plausible claim for relief as a result of

23   insufficient factual allegations); *Ormsby v. Astrue*, 2011 WL 3625101 at * 2, *adopted by* 2011

24   WL 3625095 (M.D. Fla. August 4, 2011) (No. 6:11-cv-1262-ORL-22) (dismissing cursory

25   complaint which alleged insufficient facts to state a cognizable claim).

26         Although the amended complaint is much improved from Plaintiff's first complaint,

27   alleging Plaintiff's severe impairments and relevant dates in the administrative process, it

28   ///

1 │ continues to confuse facts and legal conclusions regarding the nature of Plaintiff's claim for

2 │ relief.  In general legal usage, a *fact* is defined as:

3 │     **1.** Something that actually exists; an aspect of reality <it is a fact that all people
    are mortal>.  • Facts include not just tangible things, actual occurrences, and

4 │     relationships, but also states of mind such as intentions and opinions. **2.** An
    actual or alleged event or circumstance, as distinguished from its legal effect,

5 │     consequence, or interpretation <the jury made a finding of fact>.

6 │ *Black's Law Dictionary* at 628 (8th ed. 1999).

7 │     In common use, a fact may be defined as "the quality of being actual," "something that

8 │ has actual existence," "an actual occurrence," and "a piece of information presented as having

9 │ objective reality." *Merriam-Webster's Collegiate Dictionary* at 416 (10th ed. 1996).

10 │     While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S.

11 │ at 678.  A court is "not bound to accept as true a legal conclusion couched as a factual

12 │ allegation." *Id.*  "Nor is the court required to accept as true allegations that are merely

13 │ conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden*

14 │ *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

15 │     A legal conclusion is a statement such as, " There is not substantial evidence in the record

16 │ to support the legal conclusion that Plaintiff was not disabled within the meaning of the Act."

17 │ Facts include such allegations as  "Plaintiff worked as an auto mechanic until June 1, 1990," and

18 │ "Plaintiff was fired from her job when she became unable to grasp her tools."

19 │     While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S.

20 │ at 678.  A court is "not bound to accept as true a legal conclusion couched as a factual

21 │ allegation." *Id.*  "Nor is the court required to accept as true allegations that are merely

22 │ conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden*

23 │ *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

24 │     **2.**    **Plausible Claim for Relief**

25 │     The second underlying principle is that "only a complaint that states a plausible claim for

26 │ relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.  To permit the Court to determine

27 │ that a complaint states a plausible claim for relief, based on the reviewing court's judicial

28 │ experience and common sense, the well-pleaded facts must permit the court "to infer more than a

1 mere possibility . . . . 'that the pleader is entitled to relief.'" *Id.*, *quoting* F.R.Civ.P. 8(a)(2).  The

2 Supreme Court explained:

> 3 In keeping with these principles a court considering a motion to dismiss can
> choose to begin by identifying pleadings that, because they are no more than
> 4 conclusions, are not entitled to the assumption of truth.  While legal conclusions
> can provide the framework of a complaint, they must be supported by factual
> 5 allegations.  When there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they plausibly give rise to an
> 6 entitlement to relief.

7 *Iqbal*, 556 U.S. at 679.

8 *See also Cook v. Astrue*, 2012 WL 812380 at *2 (E.D.Cal. March 9, 2012) (No. 1:12-cv-

9 00347-GSA) (construing that the facts alleged in the complaint related to two legal conclusions);

10 *Sanchez v. Astrue*, 2011 WL 1549307 (E.D. Cal. April 21, 2011) (No. 1:11-cv-00607-GSA).  In

11 drafting her second amended complaint, Plaintiff should allege facts from which the Court can

12 reasonably infer that Plaintiff is entitled to relief .

13 Specifically, Plaintiff must allege facts to support her legal conclusions that sufficient

14 evidence did not support the Commissioner's decision.  Simply because Plaintiff is appealing the

15 decision, her conclusion that the decision was not supported by substantial evidence is apparent.

16 To state a cognizable claim, Plaintiff must briefly allege facts from which the Commissioner and

17 the Court can understand the basis of that conclusion.

18 **III.    Conclusion and Order**

19 In rejecting Brown's complaint appealing the Commissioner's denying him benefits, the

20 Court observed, ""The complaint's sole assertion of a basis for relief is that Brown feels the SSA

21 decision was wrong." *Brown*, 2011 WL 3664429 at *2.  Every plaintiff appealing an adverse

22 decision of the Commissioner believes that the Commissioner was wrong.  The purpose of the

23 complaint is to briefly and plainly allege facts supporting the legal conclusion that the

24 Commissioner's decision was wrong.  *Id.* at *3.  Plaintiff's third amended complaint should do

25 so.

26 Because the second amended complaint fails to allege facts sufficient to state a claim

27 upon which relief can be granted, this Court now dismisses it. The Court will provide Plaintiff

28 with one additional opportunity to file an amended complaint curing the deficiencies identified

1    by the Court in this order.  Plaintiff must revise her amended complaint to allege facts sufficient

2    to support a cognizable claim.  Plaintiff may not change the nature of this suit by adding new,

3    unrelated claims in the third amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

4    2007).

5       Plaintiff is advised that each amended complaint supercedes all prior complaints, *Forsyth*

6    *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*,

7    814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior

8    or superceded pleading."  Local Rule 15-220.  "All causes of action alleged in an original

9    complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567;

10    *accord Forsyth*, 114 F.3d at 1474.

11       Based on the foregoing, it is HEREBY ORDERED that:

12       1.    Plaintiff's second amended complaint is dismissed with leave to amend for failure

13           to state facts sufficient to state a claim on which relief may be granted;

14       2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

15           third amended complaint curing the deficiencies identified by the Court in this

16           order;

17       3.    If Plaintiff's third amended complaint fails to state a claim on which relief may be

18           granted, this action will be dismissed with prejudice pursuant to 28 U.S.C. §

19           1915(e)(2)(B)(ii), for failure to state a claim; and

20       4.    If Plaintiff fails to file a third amended complaint within **thirty (30) days** from the

21           date of service of this order, this action will be dismissed with prejudice, pursuant

22           to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

23

24    IT IS SO ORDERED.

25    **Dated:**    **June 19, 2012**            /s/ Sandra M. Snyder

26                        UNITED STATES MAGISTRATE JUDGE

27

28