**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA MORGAN, | Case No. 1:12-cv-00470-LJO-SMS |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO GRANT IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |
| | (Doc. 41-1) |

These Findings and Recommendations are submitted to United States District Judge Lawrence J. O'Neil under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 302 of the United States District Court for the Eastern District of California.

This is a Social Security appeal.  Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Doc. 41-1.  No hearing was held as the Court found the matter suitable for submission on the papers.  Local Rule 230(g).

## I.    LEGAL AND FACTUAL BACKGROUND[1]

On March 27, 2012 Plaintiff filed a complaint, by his attorney, Sengthiene Bosavanh, challenging the denial of his disability insurance and supplemental security income benefits by the

---

[1]  The Court will not recount in detail all of the facts of this case; instead, it incorporates by reference the "Factual Record" section from its May 24, 2013 F&R.  Doc. 28.

Commissioner of Social Security ("Commissioner").  Doc. 1.  The Court issued Findings and

Recommendation ("F&R") to the district judge on May 24, 2013, recommending that he affirm the

Commissioner's denial of benefits.  Doc. 28.  After considering Plaintiff's objections and finding

them unpersuasive, the district judge adopted the F&R and entered judgment on June 25, 2013.

Docs. 30-31.

Plaintiff filed a notice of appeal from the Court's judgment.  Doc.  33.  On November 10,

2015, the Ninth Circuit issued a memorandum, vacated the Court's judgment and remanded with

instructions for the Court to remand to the Commissioner for further proceedings.  The panel found

error by Administrative Law Judge ("ALJ") in failing to address a factual conflict in the record.

The panel rejected Plaintiff's other challenges to the ALJ's decision.  Doc. 37.  Accordingly, the

Court issued an order on January 11, 2016, remanding the case for further administrative

proceedings consistent with the Ninth Circuit's memorandum.  Doc. 39.

On March 4, 2016, Plaintiff filed her EAJA motion with this Court.[2]  Therein, she seeks

$13,625.90 in attorney's fees for 72.50 hours expended on this case.[3]  In support of the motion are

the following: (1) the declaration of attorney Jeffrey H. Baird, (2) the affidavit of Ms. Bosavanh, (3)

the fee agreement between Plaintiff and the Law Offices of Jeffrey Milam, (4) the Court's January

11, 2016 order, (5) the Ninth Circuit's memorandum, and (6) an itemized statement of the hours

expended by Mr. Baird.  Plaintiff asserts: (1) her motion is timely, (2) she is the prevailing party,

(3) her net worth at the time this suit was filed did not exceed $2,000,000, (3) the government's

position was not substantially justified, and (4) the hourly rates and amount of time expended in the

case were reasonable.  Doc. 41.  The Commissioner filed an opposition on April 20, 2016,

---

[2]  The Ninth Circuit issued an order on February 24, 2016 "granting [Plaintiff's] motion to transfer consideration of EAJA fees to the District Court[.]"  Doc. 40.

[3]  Plaintiff's brief states "$13,629.30;" however, a recalculation of the hours and rate set forth in the attached itemized statement reflects an incorrect computation.  Doc. 41-7.  The correct total amount is $13,625.90.

objecting to Plaintiff's motion on the ground that Commissioner's position was substantially justified. Alternately, she contends that, if the Court finds her position not substantially justified, Plaintiff's total fees should be reduced for hours expended on waived and unnecessary arguments. Doc. 43. A week later, Plaintiff filed a reply brief addressing the Commissioner's position and reiterated the reasonableness of counsel's time. Additionally, Plaintiff requests $608.90 in additional fees for time expended drafting the EAJA motion and reply brief, thereby bringing the total request to $14,234.80. Doc. 44. The Commissioner did not request to file a sur-reply brief.

## II.    DISCUSSION

### A.  Eligibility For EAJA Fees

As the Supreme Court has explained:

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158, (1990). In dispute here is whether the Commissioner's position was substantially justified.

> "Substantial justification means 'justified in substance or in the main— that is, justified to a degree that could satisfy a reasonable person.' " *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)) (internal quotation marks omitted). "Put differently, the government's position must have a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce,* 487 U.S. at 565). "The 'position of the United States' includes both the government's *litigation position* and the *underlying agency action* giving rise to the civil action." *Id.* Thus, if "the government's underlying position was not substantially justified, we [must award fees and] need not address whether the government's litigation position was justified.

*Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quotations omitted and emphasis added). It is the government who bears the burden of showing its position was substantially justified. *Id.* "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's

1    decision to defend them was substantially justified." *Sampson v. Chater*, 103 F.3d 918, 922 (9th

2    Cir. 1996).

3          At the agency level, the ALJ found that Plaintiff could perform past relevant work as she

4    actually performed it.  While not expressly concluding the finding was legal error, the Ninth Circuit

5    remanded the case based on the ALJ's failure to "address or resolve" a conflict between Plaintiff's

6    description of her past work as a secretary and the physical residual functional capacity assessment

7    of her capability by state medical consultant, Dr. K. Vu Do.  The question therefore is whether,

8    based on the record, the ALJ had a reasonable basis in law and fact in not addressing or resolving

9    the conflict.  *See, e.g.*, *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995), *as amended on denial of*

10   *reh'g* (June 5, 1995) ("the district court should . . . have considered whether the Secretary was

11   substantially justified with respect to the procedural issue on which [Plaintiff] prevailed").

12         To recap, Plaintiff stated in her September 4, 2008, disability report that she had worked as

13   a secretary for fifteen years.  She reported spending each day walking, standing, and sitting for

14   eight hours; stopping, handling, reaching, and grabbing/grasping for big objects for one hour; and

15   writing, *typing or handling small objects for eight hours*.  AR 142-143 (emphasis added).  In

16   contrast, Dr. Vu Do's assessment stated Plaintiff could engage in "[f]requent BUE [bilateral upper

17   extremities] handling/fingering," with frequent meaning between one-third to two-thirds of an

18   eight-hour workday.[4]  AR 392, 394.  Indeed, the conflict between the hours Plaintiff actually spent

19   typing or handling small objects—*eight hours*—and Dr. Vu Do's assessment that she could engage

20   in handling or fingering for no more than two thirds—*six hours*—of an eight-hour workday was not

21   addressed or resolved by the ALJ.

22         Nevertheless, the Commissioner argues the ALJ was substantially justified because

23

24

25

26

27   ————————————
     [4]   The record shows Dr. Vu Do's notation on April 22, 2009, which states, "I have reviewed the
28   evidence in file and I reaffirm the initial RFC as written for Light work with postural limitations and
     frequent handling/fingering."  AR 398.

Plaintiff's description of her past work as a secretary was implausible, buttressed by his finding that she lacked credibility, such that it was not reliable evidence.  But this reason provides support, if any, for a basis in fact; not in law.  An ALJ's duty to interpret and resolve conflicts in the evidence is not novel.  *See*, *e.g.*, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where . . . medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.") (quotations and citations omitted); *Key v. Heckler*, 754 F.2d 1545, 1550 (9th Cir. 1985) ("the ALJ has the power to weigh conflicting evidence and reach the conclusion that [he] did not suffer from a severe mental impairment"); *and Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 577 (9th Cir. 1988) (explaining that application of the Medical-Vocational Guidelines requires an ALJ to "weigh conflicting evidence concerning the claimant's past work experience, education, and present psychological and physical impairments").  Here, the Commissioner provides no explanation and supporting legal authority showing how the ALJ's failure to reconcile Dr. Vu Do's assessment with Plaintiff's own description of her past work, has a basis in law.

That this Court affirmed the Commissioner's disability determination does not show that she was substantially justified.  *See Pierce*, 487 U.S. at 569 (opining "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified" because "the Government could take a position that is not substantially justified, yet win" and "even more likely, it could take a position that is substantially justified, yet lose").  This is especially true where, as here, the Court was silent on this narrow issue.

Failing then to meet her burden of showing the ALJ's position had a basis in law, the Court need not address whether there existed a basis in fact.  This means the Commissioner's position at the agency level was not substantially justified and, consequently, the Court also need not address her litigation position.  An award of attorney's fees will therefore be awarded.  *See Tobeler*, 749

5

F.3d at 832.

## B. Reasonableness of Fees Requested

### 1. *Legal Standard*

Attorney fees granted under EAJA must be reasonable.  28 U.S.C. § 2412(d); *see Sullivan v. Hudson*, 490 U.S. 877, 883 (1989) ("The EAJA was designed to . . . [provide] for an award of a reasonable attorney's fee to a prevailing party in a civil action or adversary adjudication unless the position taken by the United States . . . was substantially justified or special circumstances make an award unjust.") (internal quotations omitted).  The burden lies with the applicant to demonstrate the reasonableness of his request.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).  And though a "district court has discretion in determining the amount of a fee award," it must "provide a concise but clear explanation of its reasons for the fee award."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  This has come to be known as the "lodestar" approach.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).  Importantly, the Supreme Court urged that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S. at 434.

"[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates."  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).  What is not recoverable, however, are:

> purely clerical tasks such as filing documents and preparing and serving summons. *See Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, (1989) (holding that an attorney may not seek reimbursement for purely clerical tasks at an attorney rate); *Nadarajah v. Holder,* 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and

6

organization "should have been subsumed in firm overhead rather than billed at paralegal rates"); *Brandt,* 2009 WL 1727472, at \*4 (finding that attorney time spent drafting and serving summons was non-compensable clerical work).

*Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012).[5]

### 2. *Hourly Rates*

Under EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998).  Considering the cost of living increases then, the Ninth Circuit has provided, on a yearly basis, the maximum hourly rate.  Relevant to this case are the following rates:

2012:  $ 184.32

2013:  $187.02

2014:  $190.06

2015:  $190.28

2016:  $190.28

No rate has been provided for 2016; however, the Ninth Circuit advises that where "no rate is posted for the period . . . use the rate that is posted for the previous period."  UNITED STATES COURTS FOR THE NINTH CIRCUIT, http://www.ca9.uscourts.gov (last visited June 15, 2016); *see Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).

For attorney time, Plaintiff requests an hourly rate of $184.32 for 2012, $187.02 for 2013, $190.06 for 2014, and $190.28 for 2015 and 2016.  Doc. 41-7.  The Commissioner does not dispute the hourly rates.  Finding a cost of living adjustment appropriate, and mindful of the Commissioner's implicit agreement, the Court will therefore adopt the hourly rates as requested by Plaintiff.

---

[5]  This unpublished decision is citable under Rule 32.1 of the Federal Rules of Appellate Procedure. *See also* 9th Cir. R. 36–3(b).

        3.  *Hours Expended*

    As stated in the itemized statement of hours expended, Plaintiff requests attorney's fees for

72.5 hours of attorney time.  Of these, the Commissioner requests a reduction for time "spent on

waived and unnecessary arguments," in relation to Plaintiff's appeal to the Ninth Circuit.  Doc. 43.

She does not recommend a specific number of hours to be reduced, only arguing that the Court has

discretion to reduce the hours.  Relying on *Hensley*, Plaintiff counters that the hours claimed were

reasonable because all the claims are related and follow the same set of facts.  Doc. 44.

    Relevant here are the following claimed hours expended:

| | | |
|---|---|---|
| 11/17/2013 | Wrote 9th Circuit Opening Brief | 7.5 |
| 11/21/2013 | Wrote 9th Circuit Opening Brief | 7.9 |
| 11/23/2013 | Wrote 9th Circuit Opening Brief | 6.50 |
| 11/29/2013 | Edited 9th Circuit Brief | 1.20 |
| 3/26/2014 | Wrote 9th Circuit Reply | 6.3 |
| 8/12/2015 | Filed hearing Acknowledgement | .20 |
| 10/20/2015 | Prepared oral argument | 2.5 |
| 10/21/2015 | Prepared oral argument | 8.3 |
| 10/22/2015 | Delivered oral argument | 3.7 |

Doc. 41-7.  These total 44.1 hours.

    According to the Ninth Circuit, "[n]othing in [the] provisions [of EAJA] extends fee-

shifting to issues not adjudicated.  Section 2412(d)(1)(A) provides no indication that attorneys' fees

should be awarded with respect to positions of the United States challenged by the claimant but

unaddressed by the reviewing court."  *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010).   A

review of Plaintiff's opening brief to the Ninth Circuit reveals she raised a number of issues.  They

concern the ALJ's:

1.  finding at step four,

2.  treatment of the opinion evidence of Drs. Vu Do and Laura Petracek, and

3.  discredit of Plaintiff's subjective complaints.

8

Doc. 46-1.  The panel remanded on the issue concerning Dr. Vu Do, but concluded in favor of the Commissioner on the remaining issues.  Notably, the panel stated Plaintiff had waived her argument about the MRI brain scan results, which she raised in support of her subjective complaints, by failing to raise it before this Court.  Yet the panel proceeded to explain, in one sentence, how that argument would have failed regardless.  Doc. 37.  The panel thus addressed the claim, albeit very briefly.  As such, the Court declines to reduce the hours expended for the reason urged by the Commissioner.

However, under *Hensley*, the circumstances of this case warrant a reduction of hours claimed.  *See*, *e.g.*, *Tena v. Astrue*, 2012 WL 1958894, at *4 (C.D. Cal. May 25, 2012) (No. CV 10-7514-JFW SP).  The plaintiff in *Hensley*, as with Plaintiff, did not succeed on all of the claims he asserted.  The Supreme Court thus proposed that in cases "where a plaintiff is deemed prevailing even though he succeeded on only some of his claims for relief ," the reviewing court should consider two questions.  *Id*. at 434.  They are: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"  *Id*. Central to these considerations is the idea that "[t]he result is what matters."  *Id*. at 435.

Considering the questions raised in *Hensley*, this Court finds the issues raised by Plaintiffs relate to one another.  *See Cudia v. Astrue*, 2011 WL 6780907, at *9 (E.D. Cal. Dec. 27, 2011) (No. 2:08-CV-01676 KJN) ("in a social security case . . . the underlying lawsuit cannot be viewed as a series of discrete claims and is rather a common core of facts or will be based on related legal theories") (internal quotations and citations omitted).  But the level of success obtained does not make the hours expended a satisfactory basis for awarding the total fee requested.  Specifically, the panel did not reverse the ALJ's decision for payment of benefits, as Plaintiff requested; rather, they remanded on a narrow issue, namely the ALJ's failure to address or resolve a factual conflict.  The

9

panel did not conclude that the ALJ erred in finding that Plaintiff could not perform past relevant work, but only that in making the determination the ALJ should have reconciled conflicting evidence. The ALJ will not have to re-examine all the evidence in the case. *But see Cudia*, 2011 WL 6780907, at *10. Plaintiff's success, though undeniable, was not overwhelming. Mindful of the *Hensley* court's emphasis on the degree of success obtained and its reminder that "[t]here is no precise rule or formula," the Court will reduce the time counsel spent on this case "to account for the limited success." *Id*. at 436-37. As the Court cannot identify specific hours which merit a reduction given the general and brief descriptions, it will apply a 10% reduction to the 72.50 hours claimed. This amounts to a reduction of $1,362.59 ($13,625.90 x 10%).

## C.  Additional Fees Associated With Fees Litigation

In his reply brief, Plaintiff seeks additional fees for "1.2 hours crafting the first EAJA memorandum and an additional 2.0 hours crafting this Reply" at a rate of $190.28 per hour. Doc. 44. This amounts to $608.90 (3.2 x $190.28). As stated, the Commissioner did not request the opportunity to file a sur-reply brief.

Indeed, the Commissioner opposed an award of attorney's fees based on substantial justification and requested a reduction of the amount requested if fees are granted. Her opposition prompted Plaintiff to file a reply brief addressing the objections. Despite finding a reduction of the hours appropriate, the reply brief aided the Court in its consideration of Plaintiff's motion. For counsel to expend 2 hours drafting a 5-page reply brief was therefore reasonable. *See*, *e.g.*, *Tate v. Colvin*, 2013 WL 5773047, at *8 (E.D. Cal. Oct. 24, 2013) (No. 1:11-CV-01643-SKO) (concluding that 4.5 hours spent reviewing the Commissioner's opposition brief and drafting the reply brief was reasonable). Plaintiff will receive an additional award of $761.12 (4 x 190.28). However, because Plaintiff already claimed .7 hours on February 29, 2016 "[p]repar[ing] [the] EAJA document," granting fees for the 1.2 hours would be redundant. The Court will therefore reduce the 1.2 hours

claimed by 0.7 hours.  This equates to a reduction of $133.196 (0.7 x $190.28).

**III.     CONCLUSION**

Accordingly, the Court recommends that:

1.  Plaintiff's petition for attorney's fees under EAJA is GRANTED in the amount of

$12,739.01, for time expended by Mr. Baird and

2.  The fee award be paid in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Within thirty (30) days after being served with a copy, any party may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  The court will then review the Magistrate

Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order.

*Martinez v. Ylst*, 951 F.2d 1153, 1156-1157 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **June 21, 2016**                              **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE